UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY JACKSON,

    Plaintiff,

vs.

Case No. 07-CV-13819
HON. GEORGE CARAM STEEH

UNITED PARCEL SERVICE,

    Defendant.

_____/

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (#4) AND STRIKING THAT PART OF THE COURT'S SEPTEMBER 18, 2007 ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST HILLSDALE CENTER (#3); DISMISSING PLAINTIFF'S CLAIMS AGAINST UPS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii); AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (#5) AS MOOT

Plaintiff Bobby Jackson, appearing pro per, moves for reconsideration of the court's September 18, 2007 Order granting him in forma pauperis ("IFP") status, and dismissing civil rights claims alleged against Hillsdale Center pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted in the absence of state action or the deprivation of a constitutional right. Jackson alleged that he was suing Hillsdale Center for causing him to lose his job at United Parcel Service (UPS).

Apparently, when Jackson filed his complaint, he was actually attempting to file two complaints, one against UPS, and one against Hillsdale Center. The complaint filed against UPS was docketed by the clerk's office as Case No. 07-13819. The complaint against Hillsdale Center was not filed, but was instead forwarded to the court as a "Judge's Copy" of Case No. 07-13819. Jackson asks that the court consider his complaint filed

against UPS on reconsideration.

On reconsideration, the court erred in dismissing Jackson's claims against Hillsdale Center because Jackson's complaint against Hillsdale Center was never filed with the court. E.D. Mich. LR 7.1(g)(3). See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). While the complaint was subject to dismissal had it been filed, the court will nonetheless strike that part of the September 18, 2007 Order dismissing the claims against Hillsdale Center. Jackson does not dispute that he was properly granted IFP status, and to that extent, the September 18, 2007 Order will remain in force and effect.

Jackson's complaint against UPS, filed with the court as Case No. 07-13819, alleges that Jackson was employed by UPS for 17 years as a package car driver until he was "terminated on September 28, 2006 for hearsay." Jackson alleges this is the fourth time he has been terminated in eight years, the most recent due to "a nervous breakdown which occurred while I was on the road." Jackson alleges he "felt a panic attack coming on following a rather threatening conversation with my supervisor," and that his supervisor swore at him several times during a meeting. Jackson alleges a receptionist at Hillsdale Center where his psychiatrist works phoned UPS after talking to Jackson on the phone, and warned UPS that Jackson could hurt himself or someone else. Allegedly based on this "hearsay" phone conversation, UPS contacted the police, Jackson was called back to the UPS office, and police officers escorted Jackson from the property without an explanation. In an unrelated event, Jackson alleges UPS deliberately delayed giving him FMLA forms. In the "Civil Cover Sheet," Jackson states "I am suing my employer for violating my civil rights."

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court is authorized to dismiss Jackson's IFP claims upon determining that the claims fail to state a claim on which relief may be granted. To state an actionable claim under the civil rights statute 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of law deprived him of a constitutional right. See Dean v. Byerley, 354 F.3d 540, 546 (6th Cir. 2004). Jackson's complaint as alleged against UPS fails to allege that UPS acted under color of law in terminating his employment or violated a specific federal "civil right." Jackson instead alleges that UPS terminated him based on "hearsay" UPS received from a private psychiatric treatment center that Jackson posed a threat to himself or others at UPS. Jackson's conclusionary allegation that UPS violated his "civil rights" by relying on a phone call from Jackson's treatment center fails to allege a federal claim on which relief may be granted. Accordingly,

Jackson's claims as alleged against UPS are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Jackson's motion for appointment of counsel is hereby DENIED as MOOT. The court's September 18, 2007 Order is hereby STRICKEN, IN PART, to the extent the Order dismissed claims against Hillsdale Center in that no such claims were filed with the court. The court notes that, had the claims been properly filed, they would have been subject to dismissal. Jackson's claims are dismissed in their entirety.

SO ORDERED.

Dated: October 3, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 3, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk